Read, Judge.
This is a bill to review a decree of the Supreme-Court of Clermont county, dismissing a bill, seeking a specific performance of a contract for the purchase of a tract of land from Haines, and a conveyance, from Carr, of the legal title of part of said tract of land, upon the ground that Carr acquired the title from Haines after said contract, and with a fuil knowledge of the equities of this complainant.
* One ground of error upon which the decree is sought to be [9 reversed, is, that the Supreme Court had no jurisdiction of the case, as to Haines. That the decree from which the appeal was taken, directed Carr to convey to Brown ; dismissed the bill as to Barr and Fisher ; and continued the cause below as to Haines ; Haines and Carr executed an appeal bond, and brought up the cause. There is no-doubt but this is Such a final decree in the cause, affecting the rights of Haines, as warrants the appeal; besides, the objection now comes too late.
All other errors assigned look to the merits. If the court were right in dismissing complainant’s bill, we would not deem it erroneous to order him to pay all the costs.
No disputed or doubtful principle of equity or law is involved in this case. It depends merely upon a determination of fact.
On the 2d day of October, 1829, Haines and Brown entered into an agreement, under seal, for the sale and purchase of a certain -tract of land in Clermont county, a part of surveys 4441 and 4442, estimated at 250 acres ; price, $1.50 per acre ; twenty-five dollars to be paid at the time of survey, and the balance in one year. Upon which payment being made, Haines was to execute to Brown a general warranty deed.
*10 Brown went into possession, and enjoyed the rents and profits up to the year 1836; made some small improvements; and cut and sold some timber. Haines negleeting to make a survey of the land, some time in the year 1833 Brown procured a survey to be made, with which Haines expressed himself satisfied. Upon survey being made, Brown, by the terms of the contract, was bound to pay down $25 ; and the balance of the purchase money within one year. Brown did not, .at the time of the survey, or at the time Haines expressed himself satisfied with it, pay the $25 ; nor has he, up to this time, paid one dollar of the purchase money. Two or three years after Brown should have paid the purchase money, and the land had risen in value, and a part of it had been sold to Carr, Brown proposes to complete'the contract, and Haines declines.
* A court of equity will not lend its assistance to enforce the
specific execution of a contract for the purchase of land, unless the party seeking it has performed all the contract requires of him. In the language of the books, he must show himself ready, desirous, prompt, and eager.
Bill dismissed.