Ranney, J.
This case presents but a single question. On the 16th day of August, 1858, the defendants, in due form of laAY, entered into a recognizance in the sum of one thousand dollars, before a justice of the peace of Lorain county, for the - appearance of one Leander D. Rose, at the next term of the court of common pleas of that county, to ansAver the charge of having had carnal knoAYledge of an insane AYoman, other than his AYife. This recognizance, together with a transcript-of the proceedings, Avas, regularly and in proper time, returned by the justice to the court of common pleas, AYhere, upon the-same day, the recognizance was filed by the clerk and recorded at length in the record book of that court; but no “ memorandum thereof” was by him, “ entered in the minute book of the court.” At the ensuing term of the court, Rose was regularly indicted for the crime, and failing to appear, the recognizance ayus forfeited and an entry thereof made upon the journal. Upon these facts, the court of common pleas gave-judgment against the defendants, and the district court reversed that judgment. The single question is, -whether the-failure of the clerk to enter a memorandum of the recognizance in the minute book of the court, as provided in the act of March 12,1853, “ relating to the entry and recording of recognizances in the court of common pleas ” (2 S. & C. Stat. 1193), is necessarily fatal to the plaintiff’s right to recover.
*142 That act provides: — “ That whenever any recognizance shall be returned to any court of common pleas, by a justice of the peace, or other officer authorized to take such recognizance, a memorandum thereof, shall be entered in the ‘ minute book ’ of the court, whereupon the same shall be considered as of record in such court, and proceeded on by process issuing out of said court in the same manner as if such ■ recognizance had been entered into before such court, and the same recognizance shall be made out, and recorded in full in the book of records of said court, in the same manner as recognizances taken in said court.”
This act of 1853, is a literal re-enactment of the 24th section of the act of March 8, 1831 (Swan’s Stat. 652), and we quite agree with the defendant’s counsel, that judicial constructions of the former act, should be very decisive of the construction to be given to this; and we further agree with them, that the “ minute book” here.spoken of, is nothing other than the journal of the court. But the question now presented, has not been determined by any decision heretofore made in this court. The case of Ohio v. Daily, 14 Ohio Rep. 98, does not even remotely touch the question; and it decides nothing •material to the inquiry, except that a recognizance taken by a justice,' in a ease clearly within his jurisdiction, is a record, importing absolute verity, and not to be contradicted by parol evidence. In the case of Sargeant v. The State, 16 Ohio Rep. 297, the recognizance was taken by an associate judge, in vacation of his court, and, although returned to the clerk’s office from which it had afterward been stolen, no memorandum or record of it had ever been made, nor was it declared upon as a record. The judge says: “ To make it a record, there must be a memorandum of its return entered upon the minute book of the court.” But surely the question, whether a full record would not answer the purposes of a memorandum, was not before the 'court; nor is it difficult to see, that an associate judge could have no record, except that of the court of which he was a member, while it is positively certain that a recognizance taken by a justice of the peace, is a contract of record, •as well before as after its return. We see nothing in the case *143 of the State v. West, 3 Ohio St. Rep. 509, that throws any light upon this subject; and in that of Franks v. The State, 12 Ohio St. Rep. 1, the recognizance was taken and forfeited in the court of common pleas, and the questions arising were determined upon a construction of the 3d section of the act of Eeb. 25, 1848.
Like most other legislation, a proper construction of the act of 1853, can only be attained when its object and purpose are carefully considered. Viewed in this light, it seems to us very apparent, that it was designed to facilitate the enforcement of recognizances, and not to place obstacles in the way of it; and that every substantial provision of that act is fully maintained where it is held, that its great object was to provide a speedy method for making such instruments records of the court of common pleas, for the purpose of bringing them under the immediate control of the prosecuting officer of the county, and enforcing them by the summary process of scire facias in that court.
Eor myself, I should have no hesitation in holding, that when the persons bound in the recognizance were legally defaulted in the court to which the accused was recognized to appear, that an action might be maintained on the recognizance taken by the justice, although no steps had been taken to make it a record of the court of common pleas. It would still be a valid contract of record, incumbered with no condition that it should be made a record of another court, and with the condition broken ; and those who were bound, would have no cause to complain that the state had not availed itself of the more expeditious and summary remedy provided by another statute. But there is no occasion for deciding this question, as we are unanimous in the opinion, that the failure of the clerk to make the memorandum, did not prevent the full record of the recognizance from becoming, to every intent and purpose, a record of the court of common pleas. It was made by the express authority of law, and placed upon the footing of “ recognizances taken in said court.” The memorandum provided for in the previous part of the section, can be regarded in no other light than as a temporary substitute for the full *144 record, in order that the recognizance may the more speedily be proceeded on by process issuing out of said court; and to this end, it is enacted, notwithstanding its imperfect condition as a record, that it “ shall be considered as of record in such-court.”
It follows from the views we have expressed, that the judgment of the district court should be reversed, and that of the common pleas affirmed.
Peck, C.J., and Gholson, Brinkerhoee and Scott, JJ.r concurred.