## MAHONEY v MAHONEY

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11004. Decided Jan 19, 1931

Joy Seth Hurd, Cleveland, for plaintiff in error.

Frank S. Day, Cleveland, for defendant in error.

LEVINE, J.

Several contentions are urged in support of the petition in error, seeking a reversal of said order.

We are cited to the case of **Kleinman vs Cleveland, 118 Oh St 546,** wherein the Supreme Court held that the common pleas court cannot refer divorce cases to a referee even with the consent of both parties, and it is therefore claimed that error was committed in referring the motion for increase of alimony for support of child to the Domestic Relations Bureau.

We do not consider this point well taken for these reasons: First, we are unwilling to extend the rule laid down by the Supreme Court to a reference relating to questions of alimony only, and second, that it is quite clear that the reference to the Domestic Relations Bureau was not for the purpose of investing the bureau with the powers of a referee to make findings of law and fact, but that it was referred merely for investigation.

The second contention, and which is in our opinion a very serious contention, is that the common pleas court is without power to order the modification of a former decree for alimony for support of child without hearing evidence in open court, showing a change of circumstances justify-

ing a modification of the former decree.

We are, of course, bound to take notice of the crowded condition prevailing in Domestic Relations cases. These cases constitute a very substantial part of all the litigation filed in the common pleas court and under the system adopted by the judges, one judge, assigned for that purpose, undertakes single-handed to dispose of all of them. Almost as a matter of necessity, the trial judge in charge of the trial of such cases is bound to unburden himself somewhat of the detail entailed in the determination of those cases, by making use of the very valuable service which is now recognized as being rendered by the Domestic Relations Bureau.

The court, unquestionably, has the right to refer matters relating to divorce and alimony cases to the Domestic Relations Bureau. The information gathered by that Bureau must prove of invaluable help to the trial judge in aiding him to reach a just and correct conclusion as to the disposition of the various cases.

We are, however, of the opinion that litigants are entitled under the Constitution, to a fair and impartial trial, and to have this, their witnesses should be permitted to testify under rules of court within proper bounds of judicial discretion, in accordance with the laws governing the testimony of witnesses and that each side has a right to be represented by counsel in open court. When both sides consent to submit a motion upon the report of the Domestic Relations Bureau, the court would be justified in rendering its decision upon that basis.

In the face of objections, however, the court is not empowered so to do and in such event witnesses must be called and a hearing had in open court before the court can make an order.

In the case at bar, it being conceded that the order modifying the former order of the court and increasing the amount of alimony for the support of the child, was so made purely upon the basis of the Bureau's investigation without the hearing of evidence in open court, showing a change of circumstances, as against objection by one of the parties, through his counsel, we are of the opinion that substantial error was committed in the rendition of such order in the manner of its rendition.

The judgment of the common pleas court is therefore ordered reversed and the case

remanded for further proceedings according to law.

Vickery, PJ and Weygandt, J, concur.