**HOLLAND, Plaintiff-Appellee, v HOLLAND, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20783.   Decided July 14th, 1947.

B. B. Murad, for plaintiff-appellee.
Feighan & Feighan, Cleveland, for defendant-appellant.

### OPINION

By SKEEL, J.

This case comes to this court on questions of law from two final orders of the trial court, the first of which being a finding of guilty on a charge of contempt of one Dorothy Roesler who was not a party to the suit, and the second being an order modifying a previous order concerning the custody of the minor children of the parties.

The record in this case is, to say the least, incomplete. On October 31, 1946, a motion to show cause for non-payment of alimony was filed and defendant was served with notice of such motion. On November 15, 1946 defendant filed a motion to modify. This motion does not now seem to be a part of the file. The motion to show cause was withdrawn December 20, 1946 and on January 10, 1947 the record shows "Motion to modify withdrawn." The next entry on the transcript dated February 9, 1947 (but which should in fact be February 2) is a journal entry in which the court is apparently ruling on the motion to modify which had been entered "withdrawn" on January 10, 1947. By this journal entry it is ordered that:

"From the evidence produced at the hearing and from the report of the Bureau of Domestic Relations, it is found that the children may remain in the custody of the plaintiff, provided and conditioned upon Dorothy Roesler immediately vacating the residence of the plaintiff located at 3426 West 99th Street * * * . Further provided that the plaintiff, Olesa Holland, discontinue all association whether business or social, with the said Dorothy Roesler, until further order of this court. No record. Journal 311 p. 704."

There is no record that Dorothy Roesler was ever summoned before the court or was notified of such order, she not being a party to the action.

On May 11, 1947, a motion to show cause was filed against the plaintiff and Dorothy Roesler, claiming a violation of the order of January 10, 1947, and a citation issued for Dorothy Roesler, on May 15, 1947. Service was had on such citation, and on May 22, 1947, upon hearing of such motion to show cause Dorothy Roesler was adjudged guilty of contempt of court and sentenced to jail for ten days and to pay the costs of the proceedings.

On May 23, 1947, the following order was entered on the journal of the court:

"To Court: This motion came on to be heard on the 22nd day of May, 1947, before the Honorable Alva R. Corlett, for an order asking the plaintiff to show cause why she was not in contempt of court for neglecting to obey the order of this court issued on the 10th day of January, 1947.

"From the evidence produced at the hearing and from the report of the Bureau of Domestic Relations, it is found that the plaintiff has continued to live with Dorothy Roesler, and

that she is found to be an unfit person to have custody of the children born of the marriage of the plaintiff and defendant.

"It is therefore ordered, adjudged and decreed that the former order of this court entered on the 15th day of October, 1945, be and the same is hereby modified in respect to the custody of the children of plaintiff and defendant, namely, Jack approximately age 14; Thomas, approximately age 12; Linda approximately age 4 and Patricia approximately age 3, in that the order of the custody of the children formerly awarded to the plaintiff, Olesa Holland, be and hereby is in the following respects modified, to-wit, that the custody of the aforenamed children be and is hereby awarded to the defendant, Donald Holland." (Journal 312 p. 399)

On June 16, 1947, the court by journal entry vacated the entry of Jan. 10, 1947, as having been made by error of the clerk.

An examination of the bill of exceptions discloses that after the sworn testimony of a witness that Dorothy Roesler was still living with the plaintiff, the court questioned Dorothy Roesler as follows:

"The Court: Are you still living there?
"Dorothy Roesler: I am.
"The Court: Why didn't you move out?
"Dorothy Roesler: Because I got no notice.
"The Court: Well, you are getting notice now. You had notice at that time."

These statements to the court were followed by the request of Dorothy Roesler's lawyer that the motion to show cause be dismissed because the records disclosed the defendant's motion to modify the order of custody had been withdrawn and therefore there was nothing before the court when the journal entry of February 3, 1947 was filed. The Court stated that there had been a hearing on Jan. 10, 1947 and that the order as set forth in the journal entry filed Feb. 3, 1947, was in fact made and that Dorothy Roesler was in court on that occasion.

Counsel for the defendant then stated that "she went and then came back." Whereupon the court again inquired of Dorothy Roesler as follows:

"The Court: Come up here. Come over here. (thereupon Dorothy Roesler approached the bench)

"The Court: You are Dorothy Roesler aren't you?

"Dorothy Roesler: Yes.

"The Court: I ask you—you have been living in this home with this Mrs. Holland, haven't you?

"Dorothy Roesler: Since March 30.

"The Court: What?

"Dorothy Roesler: Since March 30.

"The Court: You are still there?

"Dorothy Roesler: I am there now.

"The Court: You are there now. Now, that is a violation of the court order isn't it? You were there last night were you?

"Dorothy Roesler: Yes.

"The Court: Did you sleep there last night?

"Dorothy Roesler: I was there last night.

"The Court: Well, that is a violation of the court's order. You knew that the court ordered you out of there?

"Dorothy Roesler: No, I did not know the court ordered it.

"The Court: You were here in court.

"Mr. Begley: Judge Savicki told Mrs. Holland and Miss Roesler in the hall of this court house. Mr. Murad was in the case before Mr. Savicki. Murad went down and looked at the journal entry. Murad knew it; they both knew it.

"The Court: Who is Murad?

"Mr. Begley: The attorney of record now.

"Mr. Murad: Are you charging me personally? Be careful that you sustain whatever you say.

"The Court: Now, you are committed to jail for 10 days. We will let you out when you see to it that all your goods and everything else are moved out of there and are willing to come back to this court and say to this court that you will comply with that order and that you will not permit yourself to be in contempt again."

The bill of exceptions discloses further that the hearing was concluded in the following manner:

"Mr. Murad: Now then, I personally, upon the asking of this defendant, was asked to go down and to investigate this record. She did move out of the premises; I will bring it out on the stand, if the court wishes, and on the 27th day of January, 1947, I thoroughly, with the permission of this court, investigated these records and there was nothing before this

court, as both motions had been withdrawn and on the particular order I instructed this particular party, gave her the records of that date, and there was nothing before this court.

"The Court: And you instructed her to move back in if she wanted to?

"Mr. Murad: No sir, I did not. I told her nothing was before this court. I have my people here and I would like to produce further testimony to show that the order of the court has been complied with up until January 27th. (Emphasis ours)

"The Court: There is a section in the Code, §11979 GC. That may be introduced as part of the record and may go to the Court of Appeals if you want to file it.

"Mr. Murad: Then the other point; the court granted me the other minute.

"The Court: You have already taken two minutes.

"Mr. Murad: May I finish that other minute? (Mr. Begley: May I say something?)

"The Court: Yes.

"Mr. Begley. The motion was never withdrawn; there was hearing on it in court and at that time we asked for custody and we were to get custody if these things weren't complied with.

"Mr. Murad: The journal entry shows both motions withdrawn; here is the journal entry of this court, 311 part 1 page 83.

"The Court: Here we have some authority and we are still here. The custody of the children, you say, is with the mother?

"Mr. Begley: The four children are still with the mother.

"The Court: How many are there?

"Mr. Begley: Four.

"The Court: The custody remained with the mother provided she complied with the order of this court; she hasn't complied with the order of this court and I have a motion—do you represent the mother too?

"Mr. Murad: I represent both.

"The Court: I have a motion to give you; something to go to the World Court on. Bring in a journal entry. Does the father want the children?

"Mr. Begley: The father wants them.

"The Court: Bring in your journal entry.

"Mr. Murad: Take an exception."

From the foregoing it is undisputed that there was a hearing before the court on January 10 in which Dorothy Roesler

was ordered to leave the residence of plaintiff and that she complied with that order. That thereafter on Jan. 27 counsel for plaintiff and Dorothy Roesler employed subsequent to January 10, examined the record of the court and found that the motion to show cause had been withdrawn and no order appeared upon the journal of the court and so reported the state of the record to his clients. A court speaks from its journal and when Dorothy Roesler was advised that no order directing her to move from the premises had been made, she returned to the plaintiff's residence on March 30, and was residing there on May 22, at the time of this hearing. It is also clear that Dorothy Roesler did not know of the filing of the journal entry of February 3, 1947.

The record discloses that the order of January 10 was in part at least based on a report of the Domestic Relations Bureau of the Court. Nowhere does it appear that either Dorothy Roesler or the plaintiff consented that such report could be considered without being afforded the right to cross-examine the persons from whom the Department Investigator received the information contained in such report. The court is without power to base a modification of an order previously made in part, upon information contained in a report of the Domestic Relations Bureau unless both parties consent thereto. **Mahoney v Mahoney, 9 Abs 434.**

One who is not a party to a proceeding cannot be found guilty of contempt of court for failing to comply with an order in such proceeding, unless it is made to appear that the court acquired jurisdiction of such person and after full notice of the order of the court the person charged with contempt wilfully disregarded the order of the court. Here, Dorothy Roesler, upon advice of counsel, after an examination of the record, which at the time of the examination failed to disclose the state of the record, could not be said to have wilfully disregarded the order of the court. We conclude upon her appeal from the sentence for contempt imposed upon her for failure to stay away from plaintiff's residence, that the judgment be reversed and final judgment entered for the appellant.

Coming now to a consideration of that part of the order of May 22, 1947, changing the custody of the minor children of the parties from the plaintiff to the defendant.

This order is subject to the same objections with regard to the evidence upon which it is based, as was true of the contempt proceedings. Both the journal entries of January 10 and May 23, 1947, disclose that the respective orders were based

in part upon a report of the Bureau of Domestic Relations and nowhere does it appear that both parties consented to its use. The record further shows that at the hearing on May 22, 1947, there was no trial on that part of defendant's motion seeking a modification of the order of custody.

Where custody is once placed in a party in a divorce action, some evidence that conditions have changed whereby, for the best interest of the children, a modification is necessary, must be introduced before a modification can be made. The record before us discloses that there was no evidence introduced upon which the modification of the order of custody could be based.

The record also discloses by the motion filed Oct. 31, 1946, seeking a modification of the custody order, setting forth the ages of the children at that date, that two of the children are over ten years of age. **Sec. 8033 GC** provides in part:

"* * * except that if such children be ten years or more, they must be allowed to choose which parent they prefer to live with, unless the parent so selected by reason of moral depravity * * * be unfitted to take charge of such children in which event the court shall determine their custody * * * * * * * ."

The record shows that this section was not complied with.

In the case of **Mollencamp v Mollencamp, 18 Abs 90,** it was held that the failure of the trial court to consider the preference of a child over 10 years of age in determining a question of custody, was reversible error.

See also: **Campbell v Campbell, 20 Abs 605.**

Furthermore, an examination of this record discloses that the trial court refused to permit the parties who were affected by the action of the court to produce testimony on their behalf proffered by them which they claimed would show a compliance with the orders of the court (see proffer of testimony by Mr. Murad, emphazised, hereinabove.)

This action of the court constituted reversible error.

This court, in the case of Mahoney v Mahoney, supra, said:

"We are, however, of the opinion that litigants are entitled under the Constitution to a fair and impartial trial and to have this their witnesses should be permitted to testify under rules of court within proper bounds of judicial discretion in accordance with the laws governing the testimony of witnesses * * * * * * ."

For the foregoing reasons the orders of the court of May 20, 1947, committing Dorothy Roesler for contempt of court, and modifying the previous order of custody, are reversed and the cause is remanded for further proceedings according to law.

HURD, PJ, and MORGAN, J, concur.