**VOORHEES, Plaintiff-Appellant, v. HUTCHISON,
Defendant-Appellee.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1233.    Decided April 12, 1951.

278

Harrington, Huxley & Smith, Youngstown, for plaintiff-appellant.

Thomas H. Madden, Warren, for defendant-appellee.

(SKEEL, PJ, HURD, J, of the 8th District, sitting by designation in the 7th District with PHILLIPS, J.)

**OPINION**

Per CURIAM:

On June 23, 1947, the Common Pleas Court of Trumbull County, decreed a divorce between Lorine Hutchison Voorhees and Robert Hutchison, for the aggression of the wife, and confided the care, custody and control of the two minor children then aged six and nine respectively, to the husband. On the 29th day of September, 1949, an application for modification was filed by the wife, grounded upon the claim that there had been such a change of conditions since the entry of the original decree as to require a change of custody for the welfare of the children.

Upon hearing, the Common Pleas Court overruled the motion of the plaintiff-appellant to modify the original decree and the matter is now before us for review, appeal having been perfected to this court.

Three grounds of error are assigned as follows:

1. Error in overruling appellant's motion for a new trial and entering judgment in favor of the appellee.

2. Error in the admission of evidence offered on behalf of the appellee and to which appellant objected at the time.

3. Error on the part of the trial court in ordering an investigation by the Child Welfare Department after the conclusion of the trial.

The evidence shows that both parties have since remarried. Following the divorce the plaintiff married one Norman Voorhees her present husband, and has been living with him in Youngstown, Ohio, ever since her marriage.

In July, 1948, the defendant remarried and the two children have been living with him and his second wife at Howland Corners, Ohio, since that time.

Up until the time of the hearing in the trial court, the plaintiff, mother of the children, has had custody of the children each week-end; that is, one week-end from 9 A. M. on Saturday until 7 P. M. on Sunday, and the next week-end from the time school is out on Friday afternoon until 9:30 A. M. Sunday. The periods during which the mother has custody of the children were greatly reduced by order

of the court, as appears by the journal entry denying the motion of plaintiff-appellant for an order modifying the previous decree.

In respect to the first ground of error above set forth, it is claimed that the judgment of the trial court is contrary to the manifest weight of the evidence. A review of the evidence shows testimony adduced in support of the claims of the respective parties sufficient, in our opinion, to indicate that despite what may have occurred in the past, the mother and father are presently both fit persons to have or assume the care, control and custody of their children. However, that proposition standing alone is not sufficient upon this hearing to require an order changing the custody, because the burden of proof is on the moving party herein to satisfy the court that conditions have so changed as to justify the modification and to require the court, in the exercise of sound discretion, to grant the motion for a change of custody.

There was conflicting evidence in the case, the trial court holding in substance that the plaintiff had failed to sustain the burden of proof assumed by her. We do not find that the trial court abused its discretion and in the absence of such a showing this court is not justified in reversing on the ground that the judgment is contrary to the manifest weight of the evidence.

The second ground of error assigned, namely, that the court erred in admission of evidence offered on behalf of defendant-appellee, to which plaintiff-appellant objected, has to do with the admission of evidence concerning the conduct of plaintiff at or about the time the divorce was decreed and custody awarded to the defendant.

It appears to us that the trial court allowed a very wide latitude in the cross-examination of the witnesses of plaintiff, even to the extent of permitting hypothetical questions to lay witnesses assuming certain facts relating to plaintiff's conduct prior to her divorce, concerning which they disclaimed any knowledge. We think that lay witnesses testifying to reputation and character under the circumstances of this case should not have been required or permitted to answer hypothetical questions upon such subjects. While it was error on the part of the trial court to permit cross-examination in such a manner, we cannot find that such error was prejudicial, inasmuch as the answers given by plaintiff's witnesses were favorable to plaintiff's case and she was not prejudiced thereby.

A more difficult question is presented concerning admission of direct evidence of alleged acts of misconduct of plain-

tiff at and prior to the time of the divorce proceeding. So far as our examination discloses, there are no cases directly in point in Ohio.

The case of **Rauth v. Rauth, 73 Oh Ap 564,** in which it was held that evidence tending to show the unfitness of the **custodian** of the child at or before the time the award of custody was made, must be distinguished from the instant case because in the Rauth case an issue was raised as to the fitness of the one to whom custody was awarded, the court stating in substance that to rule otherwise would permit a rehearing of the issues in the original case upon a motion to modify. This, the court said, would be contrary to the holding in Graviess v. Graviess, 7 C. C. (n. s.) 135, the first and second paragraphs of the syllabus thereof being as follows:

"1. The continuing jurisdiction which is vested in the court of common pleas with reference to the custody of children for the purpose of modifying orders in divorce proceedings does not authorize a re-hearing of a matter theretofore submitted and determined, but is only to be called into exercise when a substantial change in the condition of the parties requires a modification of the former order.

"2. The discretion vested in a trial court with reference to the custody of children will not be inquired into by a reviewing court, except on a charge of abuse of discretion, or that a grave mistake has been made."

See also: **14 O. Jur., Section 143, Page 548,** where it is stated: "* * * the judgment of the trial court as to the custody and control of children rendered in a divorce proceeding will not be disturbed on review unless there has been a serious error or an abuse of discretion * * *."

The Rauth case must further be distinguished because in that case the child being fourteen years of age elected to live with the mother under the provisions of §8033 GC, an election by which the court was bound in the absence of a showing of moral depravity, habitual drunkenness or incapacity. Therefore, because of the factual differences, we think that the Rauth case is not applicable here.

Many cases arising in other jurisdictions are cited by counsel for appellee in support of the contention that evidence of prior acts of misconduct on the part of the moving party is admissible upon an application for change of custody, such as is here presented.

We have reached the conclusion that this question should be left largely to the trial court who should be able properly to evaluate such evidence in the light of all the circumstances of the case, having in view, above all else, the welfare of the

child. We think, however, that where, within sound discretion, the court admits such evidence it should be confined within reasonable and proper limits and considered only so far as it may have a direct bearing upon the issue of the present fitness, because in our opinion the question as to whether the parent is a fit or proper person to have the custody of the minor child refers to the fitness of the parent at the time of the hearing.

The case of Prouty v. Prouty, decided by the Supreme Court of California, 16 Cal. Rep. (2nd Series) 190, which appears to us to be a well reasoned case, although the facts are somewhat different from those here presented, sets forth in the third syllabus thereof the following:

"3. Fitness for custody—time—evidence: The question as to whether a parent is a fit and proper person to have the custody of a minor child refers to his or her fitness at the time of the hearing, and is not necessarily controlled by conduct many years prior thereto, although evidence of prior acts of misconduct may be admissible if it can be said to have a direct bearing upon the issue of present fitness, but such evidence should be limited to this issue alone."

For a review of other cases on this subject, see Padgett v. Padgett, 22 So. (2d) 205; Pennington v. Pennington, 195 S. W. (2d) 677; Wall v. Wall, 31 N. W. (2d) 527, 252 Wis. 339; Drew v. Drew, 186 S. W. (2d) 858; Meredith v. Krauthkoff, 191 Mo. App. 149.

In view of our conclusion we hold that the second ground of error assigned should not be sustained.

Coming now to a consideration of the third ground of error, namely, that the trial court erred in ordering an investigation by the Child Welfare Department, after the conclusion of the trial, we are of the opinion that error was committed in this respect in that the report of the investigator was not made or filed before the commencement of the trial as provided by §11979-4 GC. However, upon a review of the entire record we conclude that this error was not prejudicial on the question of change of custody, because the evidence received in open court was sufficient to sustain the order and finding of the trial court that there had been no substantial change in conditions such as would require the court, in the exercise of sound discretion, to grant appellant's motion to modify.

We are of the opinion that the trial court's order reducing the periods during which the plaintiff-appellant should have custody of the children followed a recommendation contained in the report of the investigator. We do not find evidence

in the record which would justify a change in the hours of visitation as had theretofore existed when the application for change of custody was made. In this respect it appears that the court erroneously followed the recommendation of the investigator. We conclude, therefore, that while the judgment denying a change of custody of the minor children should be affirmed, the order in respect to visitation should be modified in such a manner that the times and places of visitation in effect prior to the application for change of custody should be restored, until further order of the court upon hearing pursuant to application therefor duly made according to law. In all other respects the judgment will be affirmed. A journal entry may be drawn accordingly, allowing exceptions according to law.

PHILLIPS, PJ, SKEEL, J, HURD, J, concur.