BEAMER, APPELLANT, *v.* BEAMER, APPELLEE.

(No. 409—Decided February 5, 1969.)

*Mr. Francis M. Marley,* for appellant.
*Mr. Arthur F. Graham,* for appellee.

COLE, J.  This is an appeal on questions of law from a proceeding initiated by a motion for change of custody of minor children and terminated in the court below after hearing in an order changing custody as established by the original divorce decree.  There are several assignments of error by the plaintiff, appellant herein.

■ The first assignment of error deals with the report of investigation made pursuant to Section 3105.08, Revised Code, which was introduced and admitted into evidence, the trial judge excluding certain portions which were hearsay. The complaint of plaintiff is that no notice of the report was made pursuant to Section 2317.39, Revised Code.

The provision for an investigation by the court in divorce proceedings where the custody of children is involved was originally introduced into Ohio law in 1938.  At that time it became Section 11979-4, General Code, and read as follows:

"On the filing of a petition in divorce or for alimony, the court, in its discretion, may appoint one of its officers to make an investigation as to the character, family relations, past conduct, earning ability, and financial worth of the parties to the action, and if the report of said investigation is filed in the case before trial, may be considered as evidence in the case, subject to the right of either party to cross-examine the party making the investigation.

"The court on its own motion, may cite either party to the action from any point in the state to appear in court and testify as a witness."

The basic intent of the statute was to provide means whereby the court could be aware of factors bearing upon the custody and support of the minor children to determine what would serve the best interest of the minor children,

In noncontested divorce cases the evidence which the one party chooses to present is often quite limited, and in contested cases is often highly influenced by emotional factors. To enable the court to determine what best serves the interests of the children it may, under this version of the statute, acquire additional information from any source independent of either of the parties in the action.

It will be noted that in the absence of this statutory provision the report would not normally be admissible as evidence since it would be *ex parte*, not under oath, and to some extent hearsay—but to protect the parties the right to call and cross-examine is given; and the report as such is made admissible in evidence if filed in the case prior to trial. There was no provision for notice to the parties, but presumably the requirement of filing the report in the case prior to trial made it subject to inspection by either party. This statute was repealed effective August 28, 1951. At that time there was a complete revision and recodification of the domestic relations law, and at that time there was enacted what became Section 8003-9, General Code:

''On the filing of a petition for divorce or for alimony, the court may and in cases in which there are children under fourteen years of age involved, shall, cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of the parties to the action. The report of such investigation shall be made available to either party or his counsel of record upon written request not less than five days before trial.

''The court, on its own motion, may cite either party to the action from any point in the state to appear in court and testify as a witness.''

It will be noted immediately that the specific provision for filing the report as one of the papers in the case and making it admissible into evidence has been omitted. Since this is a basic and material change in the statute, it can only be concluded that the Legislature intended to remove the report from its special availability as evidence, putting it back where it would be without the special statu-

tory grant—and under normal rules of evidence the report would not be so admissible. This conclusion is strengthened by the simultaneous repeal of the provision for cross-examination of the investigator by both parties. Presumably the investigator, if either party so desired, could still be called as a witness in the normal manner.

The case of *Welge* v. *Welge*, 58 Ohio Law Abs. 314, decided under Section 11979-4, General Code, held that where the report had not been filed in the case prior to trial it could not be considered as evidence. See, also, *Voorhees* v. *Hutchison*, 63 Ohio Law Abs. 277.

In the recodification of 1951 this section, without change, became Section 3105.08, Revised Code, but subsequently was amended to apply in annulment proceedings and to motions for change of custody.

We would conclude that the statutory history of this statute indicates a legislative intent to give no special evidentiary status to the report of the investigator, and in the absence of any statutory authorization such a report is not admissible in evidence. To the extent the report was based on hearsay, it would be inadmissible. To the extent that it constituted the direct observation of the investigator, it would not appear to fall within the type of report contemplated by the Official Reports as Evidence Act (Section 2317.42, Revised Code), as no particular official is designated to make the investigation and report.

Irrespective, therefore, of the notice question we would conclude that admission of the report as evidence was error.

At the same session of the Legislature in 1951 in which the substantial change was made in the law requiring investigation, it also adopted what became Section 11521-1, General Code, and, later, Section 2317.39, Revised Code:

"Whenever an investigation into the facts of any case, civil or criminal, pending at the time of such investigation of any court, is made, conducted, or participated in, directly or indirectly, by any court or any department thereof, through public employees, paid private investigators, social workers, friends of the court, or any other persons,

and a report of such investigation is prepared for submission to the court, the contents of such report shall not be considered by any judge of the court wherein such case is pending either before the trial of the case or at any stage of the proceedings prior to final disposition thereof, unless the full contents of such report have been made readily available and accessible to all parties to the case or their counsel. The parties or their counsel shall be notified in writing of the fact that an investigation has been made, that a report has been submitted, and that the contents of the report are available for examination. Such notice shall be given at least five days prior to the time the contents of any report are to be considered by any judge of the court wherein the case is pending. In the event that a report following any investigation is prepared for submission orally, such oral report shall be reduced to writing prior to the issuance of notice of the availability of such report for examination.

"This section does not apply only to the utilization of the contents of such reports as testimony, but shall prevent any judge from familiarizing himself with such contents in any manner unless this section has been fully complied with."

That section, which became effective in September 1951, by its terms applies to "any case" "of any court" where an investigation is made by the court or by any one under the direction of the court. It is designed to provide opportunity for examination of the report by the parties prior to its consideration by the court. The title of the act was as follows (124 Ohio Laws 412):

"* * * providing for the examination of the contents of *any* investigation reports, made incident to *any* court action, by the parties involved prior to consideration by a judge." (Emphasis added.)

See 50 Ohio Jurisprudence 2d 243, Section 259: "It is the generally accepted rule that resort may be had to the title of an act as an aid in interpreting it where the subject matter of the act is of doubtful meaning, and this is the rule in Ohio. * * *"

The title emphasizes the legislative intent to cover every case where investigation reports are made in court actions, and this intent must govern. The special provisions of Section 3105.08, Revised Code, state:

"The report of such investigation shall be made available to either party or his counsel of record upon written request not less than five days before trial."

The provisions of Section 2317.39, Revised Code, apply to notice prior to consideration of the report by the judge. The two are not in conflict, and the broad language used in Section 2317.39, Revised Code, makes it clear that it applies to all cases, including the case of investigation reports in divorce and custody cases.

We conclude the trial court should not have considered the report of investigation as evidence or as a report to the court alone, in the absence of the notice provided for in Section 2317.39, Revised Code.

Having thus determined error occurred, we must next determine whether the error is prejudicial to the plaintiff.

As to the failure to give notice, the record fails to disclose any objection upon this ground or any request for continuance of the case to give plaintiff time for examination of the report and further preparation. It will also be noted that, on the facts of this case, the report is mandatory and plaintiff would know that a report would be made but that he filed no written request to see it at any time. We would conclude that the failure to give notice was waived at the time of trial.

As to the admission of the report into evidence, to which objection was made, a somewhat difficult question is presented. By virtue of the peculiar statutory status of these investigation reports, although they are not evidence, they are still available to the judge, who is also the trier of the facts. The identical material is therefore present in the mind of the court, whether it be labeled "report" or "evidence." What constitutes the difference? The primary intent explicit in the whole of Section 3105.08, Revised Code, is to assure that the court is aware of any special problems affecting the best interest of the child. The function of the report, containing as it may hearsay

and conclusions of the investigator, although not evidence in any way, is to alert the court to any such special problem and to cause it, if necessary, to call the parties for questioning or direct the inquiry into the subject matter of such problems. The parties, by virtue of the provisions for notice and examination, are also made aware of the problems which may concern the court. However, this is not evidence upon which the court may base findings of fact. These findings must be based upon and sustained by that which is properly in evidence.

In *Holland* v. *Holland*, 49 Ohio Law Abs. 237, decided in 1947 when reports were still admissible into evidence, the appellant was not afforded the right to cross-examine the investigators, and, hence, the report was not properly in evidence. The court held that the decision of the court could not be based upon such a report in the absence of consent of the parties.

In *Mahoney* v. *Mahoney*, 9 Ohio Law Abs. 434, decided in 1931, prior to the statute, the court says,

"The court, unquestionably has the right to refer matters relating to divorce and alimony cases to the Domestic Relations Bureau. The information gathered by that bureau must prove of invaluable help to the trial judge in aiding him to reach a just and correct conclusion as to the disposition of the various cases.

"We are, however, of the opinion that the litigants are entitled under the Constitution, to a fair and impartial trial, and to have this, their witnesses should be permitted to testify under rules of court within proper bounds of judicial discretion, in accordance with the laws governing the testimony of witnesses and that each side has a right to be represented by counsel in open court. When both sides consent to submit a motion upon the report of the Domestic Relations Bureau, the court would be justified in rendering its decision on that basis.

"In the face of objections, however, the court is not empowered so to do and in such event witnesses must be called and a hearing had in open court before the court can make an order."

In short, the report is not evidence or to be consider-

ed by the court as such, in the absence of any agreement to this effect by the parties; and the court's finding must be predicated on the evidence.

But how can we say the report admitted into evidence prejudices the plaintiff if the same information is rightly in the mind of the court but called "report" instead of evidence?

It appears an analogous problem troubled the court in the case of *Voorhees* v. *Hutchison*, 63 Ohio Law Abs. 277. There, the report was also improperly before the court, but because it was ordered after the trial and not before. The test proposed by the Seventh District Court of Appeals was this: error existed when the report was so admitted and considered as evidence, but

(a) the error was not prejudicial where the evidence received in open court was sufficient to sustain the order and findings, and

(b) the error was prejudicial where there was no other evidence in the record to sustain the order.

That test, in these peculiar circumstances, appears the proper solution. Whether before the court as evidence or as "report," the court knew the contents. Whether improperly admitted as evidence or not, the court still had mental possession of these facts. Whether they were used to the prejudice of plaintiff's case cannot by the label "report" or "evidence" be answered but only by determining whether the "report" was essential to the finding and decision. If that finding and decision is justified by the other evidence in the case then there could be no prejudice where, as here, the report itself (limited by the court to exclude hearsay) contained nothing not otherwise before the court by competent evidence or matter simply cumulative as to the evidence properly received.

4 Ohio Jurisprudence 2d 93, Section 875: "The admission of incompetent evidence in a case tried without a jury is clearly ground for reversal if the judgment is based in any material part on such evidence or if it appears to have influenced the court in reaching an erroneous finding. If, however, the judgment rendered is justified by competent evidence and the exclusion of the incompetent evidence

would not have changed the result, the judgment will not be reversed because of the error.''

If the finding and decision is not justified by the other evidence then there is prejudice, for the improper evidence was the basis for the decision.

The question of the sufficiency of the evidence then involves the issue: was the finding and decision of the court against the manifest weight of the evidence, excluding consideration of the investigation report? This is substantially the second assignment of error, and both questions will be dealt with in the subsequent paragraphs.

■ The evidence in the case conclusively shows that subsequent to the original decree of divorce, when custody of the two children was entrusted to the wife (who was then found to be a fit person to be awarded their custody), the plaintiff-mother entered into an illicit relationship with a married man; that she lived with this man in adultery; that the two lived together with the minor children involved; and that the plaintiff bore an illegitimate child by this married man. This appears in the evidence, was admitted by plaintiff and is not in any way dependent upon the report of investigation. This conduct in the presence of the two miner daughters, aged 7 and 3½, respectively, is sufficient basis for a finding that the moral environment and example created by the plaintiff was detrimental to the best interest of two minor girls of an impressionable age. To hold that the court erred as a matter of law would be impossible. There was sufficient evidence, excluding the report, for the court in its discretion to determine that a change of custody would be for the best interest of the children.

The plaintiff contends this is an indirect means for punishing her for misconduct. This is not to be maintained. The criterion is: what is for the best interest of the children, and her conduct is here material only so far as it affects this question. But to daily create as a model for the children one who violates a criminal statute of the state carries with it significance to those interested in the moral welfare of her children, and by this the court was justified in its action.

We would conclude the order of the court below is not

contrary to the weight of the evidence—and, there being sufficient other evidence properly before the court, the admission of portions of the investigator's report as evidence was not prejudicial to plaintiff. What it contained was simply cumulative and corroborative of facts otherwise properly before the court and not contradicted. Its exclusion would have in no way changed the essential factual situation presented to the court.

The plaintiff assigns as error the fact that the order of the court simply determined the change of custody to be for the best interests of the children and contained no finding the plaintiff was unfit to have custody of the minor children and no finding of a change of conditions since the prior order of the court fixing custody in plaintiff.

In the case of *Dailey* v. *Dailey*, 146 Ohio St. 93, decided by the Supreme Court in 1945, the second paragraph of the syllabus reads as follows:

"The court is not warranted in modifying a previous order fixing the custody of children where there is neither a change of conditions nor a discovery of material facts existent at the time of entering the previous order and then unknown to the court; but upon proof of such a change or discovery of material facts, the court is empowered to make an order of modification when warranted by the evidence."

In the present case, the evidence submitted to the court all dealt with events which occurred subsequent to the order of November 3, 1965, granting the divorce and fixing custody in plaintiff. Subsequent to this there was an intervening order pertaining to visitation rights, but the original order as to custody was not before the court. In the words of the court above "upon proof of such change" the court is empowered to act—and there was here proof of changed circumstances. The argument is, therefore, predicated solely upon the absence of a finding to this effect in the journal entry. The plaintiff cites the case of *Colclaser* v. *Colclaser*, 2 Ohio App. 2d 142, as authority for the proposition that in the absence of such a finding an order modifying a custody order is contrary to law and constitutes prejudicial error as a matter of law. In that case,

because of certain irregularities, there was no proper bill of exceptions before the court. The court's decision, therefore, necessarily was based solely upon the journal entry and it found therein an affirmative showing of error without regard to a bill of exceptions. Here, however, a full, complete and proper bill of exceptions is before the court showing that in fact the finding and decision of the court necessarily was made upon circumstances arising since the original order. This was all that was before the court. The error, if any, is technical only in this case—not substantial as in the *Colclaser case*. The judgment in the instant case is the order as to custody. No request was made for separate findings as to conclusion of law and conclusion of fact.

In *Franks* v. *State,* 12 Ohio St. 1, 7, the court says:

"Journal entries, when the court is not called upon to make special findings with a view to any exception, are frequently loosely drawn, and do not always set forth fully and accurately the predicate of the judgment. It would be unfair to the court and unjust to the party, in whose favor the judgment was entered, to allow the other party, without an effort to correct the entry, or an endeavor to point out the mistake, and without exception, to allege error in the appellate court * * *.

"The plaintiffs in error have the less right to complain of failure of their objection to the form of the entry, as, by a bill of exceptions showing all that occurred on the trial, they have secured a full inquiry into the merits of the case. * * *"

In the present case the technical wording of the journal entry may be loosely drawn and the findings of fact incomplete, but no request for a finding of fact pursuant to Section 2315.22, Revised Code, was made, and the order of the court is sustained by the evidence contained in a full bill of exceptions. We find no error prejudicial to the plaintiff.

■ The plaintiff further contends that the order of the court cannot be sustained because there was no evidence or proof that plaintiff was an unfit mother. Without touch-

ing upon the question as to whether the evidence would or would not support this conclusion, the contention is not to be maintained. Since the original order, the plaintiff admits the circumstances changed in that she took the children to live in a trailer where she lived with a man, married to another, and bore him a child. That the court is empowered to act to change custody on a showing of changed circumstances is the essence of the *Dailey case, supra.* That the changed circumstances were sufficient to justify a change of custody for the best interests of the children is our holding in Section 2 above. As between parents it is unnecessary to show unfitness of the custodian before a change of custody can be ordered. The criterion in such a case is the best interest of the child. Only where a change of custody to a third person is made is a finding of unfitness of the parents required. Sections 3105.061, 3105.21, and 3109.04, Revised Code.

The assignment of error is not well taken and is overruled.

■ The plaintiff assigns numerous minor errors occurring during the course of the trial relative to the mode of questioning witnesses, the mode of taking depositions, the admission or exclusion of evidence and the overruling of her motion to dismiss. We find no error in any of these particulars prejudicial to the substantial rights of plaintiff.

*Judgment affirmed.*

GUERNSEY, P. J., and YOUNGER, J., concur.