**Helen MAYABB and Frank Mayabb, Appellants,**

**v.**

**David Wayne PRICE, a minor by Leon PRICE, his father and next friend, Defendants,**

**and**

**Janet Price, Appellee.**

**No. 77892.**

**Court of Appeals of Oklahoma, Division No. 1.**

**Aug. 11, 1992.**

James H. Patton, and Tony Jack Lyons, Lyons & Lyons, Pryor, for appellants.

Coy D. Morrow, Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson & James, Miami, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

According to their trial court petition, Appellants were injured in a collision between their van and a pickup owned by Appellee Janice Price (Mother) and driven by her son David Wayne Price (Son). Appellants' petition claimed separate acts of negligence by each of three defendants: Son for negligent driving, Leon Price (Fa-

**17.** *Reaves, supra* note 1.

ther) for negligent entrustment, and Mother for negligent entrustment. Sustaining Mother's summary judgment motion on May 22, 1991, the trial court filed a "final order" on June 12, 1991, denying Appellants' claims against Mother. This appeal asks us to reverse that order.

Although the record transmitted to this court does not so indicate, Appellants' brief recites that they dismissed their claim against Leon Price with prejudice prior to this appeal. Because the record did not contain evidence of this dismissal, and because we were unable to determine whether Appellants' claims against Son remained viable in the trial court, we directed the parties to show cause why the appeal should not be dismissed. Responding, Appellants request leave to supplement the record to include the dismissal of Father, but assert the claims against Son have not been dismissed. Mother acknowledges confusion over whether claims pend against Son, but argues the appeal should proceed because the claims against her are "distinct and independent." Based upon Appellants' response and giving a liberal reading to their trial court petition, we conclude they are pursuing separate claims against Son which remain unaffected by the trial court order.

If the trial court had rendered its "final order" prior to January 1, 1991, this appeal could proceed, because *Ritter v. Perma–Stone Company*, 325 P.2d 442 (Okla.1958) treats an order dismissing a claim against one defendant, leaving others, as final and immediately appealable. However, effective January 1, 1991, the Legislature changed the law. Section 1006 of Title 12, Oklahoma Statutes 1991 now provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the judgment adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.[1]

On this record, the trial court did not make the "express determination" required by § 1006, and its "final order" disposing of Appellants' claims against Mother did not terminate the action as to those claims or any claims or parties. Accordingly, the order is not a judgment or final order appealable under 12 O.S.1991 § 952(a) and (b)(1). Appellants' appeal is premature, and the case is dismissed and remanded to the trial court for further proceedings.

DISMISSED AND REMANDED.

GARRETT and JONES, JJ., concur.

---

**1.** As originally adopted in Okla.Sess.Laws, 1990, ch. 251, § 6, the quoted language was codified as subsection (A). Subsection (B), which is not applicable here, was removed when the Legislature amended § 1006 effective June 1, 1991. Okla.Sess.Laws, 1991, ch. 251, § 18.