**TUTTLE & ASSOCIATES, INC., Appellant,**

v.

**Harry SCOUFOS, Appellee,**

and

**Delmas Roberts and Carl Wilson, Defendants.**

**No. 78559.**

Court of Appeals of Oklahoma, Division No. I.

May 4, 1993.

**MEMORANDUM OPINION**

GARRETT, Judge:

In 1987, Tuttle & Associates, Inc. (Tuttle) filed a petition against Delmas Roberts

(Roberts), Carl Wilson (Wilson) and Harry Scoufos (Scoufos) (collectively, these three parties will be referred to as Defendants). Tuttle's petition alleged an abuse of process by the Defendants that caused Tuttle to suffer damages. Each of the Defendants was properly served. Roberts and Wilson filed a motion to dismiss. On the same day, Scoufos filed a motion to dismiss. After a hearing, the trial court found that Tuttle had plead the elements of abuse of process and the lawsuit would continue.

Scoufos filed an answer to the petition. After discovery, Scoufos moved for summary judgment against Tuttle. While the motion for summary judgment was pending, Tuttle moved to amend its petition. The amendment constituted a change in legal theory. Tuttle now plead malicious prosecution in its petition. The amendment did not reflect a change of parties. Scoufos answered Tuttle's amended petition. Roberts and Wilson filed a joint answer to the amended petition. While the record does not contain the pleadings relating to the motion for summary judgment, the Court granted partial summary judgment to Roberts and Wilson against Tuttle. The order was styled: "PARTIAL SUMMARY JUDGMENT", and the Court noted the judgment was partial and stated "In spite of the fact that the cause of action for abuse of process does not exist the Plaintiff [Tuttle] is given, pursuant to its motion, leave to amend the Petition for the purpose of stating some other cause of action" than that of "abuse of process". It appears that a claim or claims by Tuttle against Roberts and Wilson are pending and undecided.

Scoufos filed another motion for summary judgment against Tuttle. Tuttle responded. The Court sustained Scoufos' motion and entered judgment accordingly on October 11, 1991. Tuttle filed this appeal.

This Court entered an order on February 25, 1993 requesting Tuttle comply with 12 O.S.1991 § 1006. Tuttle filed a response and attached correspondence from the trial court which Tuttle stated implicitly determined that there was no just reason for delaying the appeal. Tuttle also stated the Court's order granting judgment to Scoufos was a final one. This Court filed a second order on March 22, 1993 noting the response of Tuttle and again requesting compliance with 12 O.S.1991 § 1006. This Court also noted that Rule 1.24(b), Rules of Appellate Procedure in Civil Cases, 12 O.S. 1991 Ch. 15, App. 2 [1] must be followed. By the terms of that order, Tuttle's time to respond expired on April 11, 1993. No response was filed. Accordingly, this appeal is dismissed for failure to comply with this Court's order directing compliance with 12 O.S.1991 § 1006.

12 O.S.1991 § 1006 states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or *when multiple parties are involved,* the court may direct the preparation and filing of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the filing of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the *order or other form of decision is subject to revision at any time* before the judgment adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk. (emphasis added).

▮▮▮▮ § 1006 was enacted "to avoid the waste of unnecessary petitions in error." See Bar Committee Comments to 12 O.S.A.

**1.** Rule 1.24(b) sets out the procedure to be followed in amending a record that has been transmitted to the Appellate Court.

1991 § 1006. Where there are multiple parties, and a claim as to one of the parties has been fully adjudicated, the trial court must expressly direct the filing of a separate judgment *and* make an express finding that "there is no just reason for delay". Likewise, where there are multiple claims in an action, the trial court must make this two pronged express determination. While the § 1006 finding and direction may be in a separate order, the better practice seems to be to include it in the journal entry of judgment. Section 1006, when applicable, is both mandatory and jurisdictional.

In a case with similar facts, *DeLuca v. Mountain States Financial Resources Corp.*, 827 P.2d 171 (Okl.1992), where the trial court dismissed a counterclaim, but left parties on claims against the counterclaimant, this Court held there was no final appealable order. Because § 1006 has not been followed in this case, the order is subject to revision. See also *Mayabb v. Price by Price*, 836 P.2d 117 (Okl.1992). Similarly, there is no appealable order under 12 O.S.1991 § 952(a) and (b)(1) in the case before this court. Therefore, this appeal is premature and must be dismissed.

DISMISSED AND REMANDED.

ADAMS, P.J., and JONES, J., concur.