**LUEBKEMAN, Plaintiff-Appellant, v. LUEBKEMAN, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1828.   Decided February 1, 1945.

Pickrel, Schaeffer & Ebeling, Dayton, for plaintiff-appellant.

Beigel & Mahrt, Dayton, for defendant-appellee.

NICHOLS, J. of the Seventh Appellate District, sitting by designation in place of Barnes, P. J.

18

## OPINION

By HORNBECK, J:

This is an appeal from an order of the Common Pleas Court, Montgomery County, Division of Domestic Relations, awarding the custody of the minor child of the parties, William Richard Luebkeman, to William K. Luebkeman and Bertha C. Luebkeman, the paternal grand-parents of the child. The custodial order was a part of the decree of the Court granting a divorce to the plaintiff from the defendant, and awarding another minor child of the parties, Marlene Evelyn, to the plaintiff, the mother of the child. The decree makes no specific finding that either party to the divorce action is an improper person to have the care, custody and control of said minor, William Richard Luebkeman.

The errors assigned are that the custodial order is contrary to law, not sustained by sufficient evidence and is against the weight of the evidence.

At the outset, it should be said that this Court is always hesitant to interfere with the judgment of a trial judge as to the custody of young children because he has a better advantage than we in that he has personal touch with the parties. So in this case, if upon this record we can find any authority of law upon which the order of the trial judge, who has had a wide and varied experience, may be supported we would be reluctant indeed to vacate the decree which he has made.

The jurisdiction, judgments and orders of the trial court in divorce, alimony and custodial proceedings are controlled by statute. If the Court is invested with chancery power it is such only as is declared by statute. Varsey vs. Varsey, 36 O. C. C., 385. No claim is made by the appellee that the Court had any authority, as to the order here under consideration, over and beyond that to be found in the General Code. It thus becomes necessary to examine the controlling statutes.

Under Title VI, Domestic Relations, are three chapters, (1) Husband and wife; (2) Apprentices; and (3) Infants, under the third chapter is found §§8032 and 8033 G.C. Sec. 8032 GC provides in part that,

"When husband and wife * * are divorced and the question as to the care, custody and control of the offspring of their marriage is brought before a court of competent jurisdiction in this state, they shall stand upon an equality as to

the care, custody and control of such offspring, so far as it relates to their being either father or mother thereof."

The next section, §8033 G.C. is controlling of the question presented on this appeal and provides in part,

"Upon hearing the testimony of either or both parents, corroborated by other proof, the Court shall decide **which one of them** shall have the care, custody and control of such offspring, taking into account that which would be for their best interest, * *. If upon such hearing it should be proved that **both parents** are improper persons to have the care, custody and control of their children, in its discretion, the Court may either designate some reputable and discreet person to take charge thereof, * *." (Emphasis ours)

The meaning of this section is plain and in conjunction with §8032 GC it appears that, primarily, the parties are on an equal footing with respect to the right to the custody of their minor children. Within this limitation the Court will take into account that which would be for the best interest of the children. Unless and until the Court finds that both parents are unfit persons to have the custody of their children the Court may not award their custody to any other person, even though of opinion that the best interest of the children would be subserved by so doing. See 27 C.J.S. 1162, 1168.

It is probable that, as a prerequisite to an order awarding a child to one other than its parents, the journal entry should recite the finding of the unfitness of the parents to have the custody of their child. However, if we indulge the presumption that the order of the trial judge is valid and is predicated upon proper and necessary findings, then we would be required to say that the record does not support a finding of the unfitness of the parties to have the custody of their children. The fact that one child was awarded to the mother tends strongly to overcome any conclusion that she is an unfit person, nor does the record justify such determination.

Counsel for appellant insists that the finding of the Court was tantamount to a determination of the unfitness of the father. We do not accede to this conclusion.

Appellee cites two cases, In re Taylor, 19 O. N. P. (N.S.) 438, and Graviess v Graviess, 7 O.C.C. (N.S.) 135, 18 O. C. D. 26, to support the proposition that the welfare of the children is the controlling factor. These cases support that contention only to the extent that such determination be made as between the parents and does not extend the right to apply that' principle to support an award of the custody to a third party. We know of no cases wherein an award of custody of children to one other than a parent has been supported unless predicated upon the essential finding of the unfitness of the parents to have the care, custody and control of their children as provided by §8033 GC.

The judgment will be reversed and cause remanded.

HORNBECK, GEIGER and NICHOLS, JJ., concur.

NICHOLS, J., concurring.

Somewhat reluctantly I concur in the judgment of reversal in this case. Under §8032, GC the parents shall stand upon an equality as to the care, custody and control of their offspring, so far as it relates to their being either father or mother thereof.

In my view of the language of this section, the Legislature simply intended that the sex of either parent would not give one parent any greater right to the custody than the other. The provisions of §11987, GC., seem in a measure to be in conflict with the provisions of §8033, GC. Sec. 11987, GC., is the older of the two and provides that in granting a divorce and dissolution of the marriage, the court shall make such order for the disposition, care and maintenance of the children, if any, as is just. The only limitation upon the court under this section is that the order shall be "just". It is this language that has given rise to the statement in many opinions that the court sits as a court of chancery in awarding the disposition of the children of divorced parents.

In **Breisach v Breisach, 37 Oh Ap., 34**, the court says in the opinion:

"There seems to be a wide discretion imposed in the trial court in providing, in divorce cases, for the care and maintenance of children; but the order must be just."

In **Swalenberg v Swalenberg, 65 Oh Ap., 217,** in an opinion by Phillips, J., concurred in by Judge Carter and myself, the Court of Appeals of the Seventh District states:

"It is conceded by both parties that where the custody of a child is in dispute and the parents cannot agree thereon, the welfare of the child is of the paramount consideration."

Both parents were proper in that case.

In **Godbey v Godbey, 70 Oh Ap., 450,** in an opinion by Matthews, J., the Court of Appeals for Hamilton County says:

"By §8032 GC, the parents are placed upon an exact equality as to the custody of the children. Neither is given by law a superior claim to custody, and the welfare of the child is the sole test by which the issue is determined. **14 O Jur., 549, Sec. 144 et seq.**

"It is clear, therefore, that unless the mandate of this statute is so compelling as to supersede this long-established rule, the trial court in the exercise of a sound discretion could award the child's custody to either the mother or father, **or to neither,** dependent entirely upon his determination of what would be for the welfare of the child, under all the circumstances, and the child's preference would be just one such circumstance, but not necessarily the controlling one."

A strict reading of the provisions of §8033 GC, would seem to be in conflict with the provisions of §11987 GC; would seem to limit the power of the court to award the custody of offspring to the parents, since that section provides that "the court shall decide which one of them shall have the care, custody and control of such offspring, taking into account that which would be for their best interest, * *".

In the opinion written by Judge Hornbeck herein, this language is given compelling force since it is not definitely ascertainable from the order made by the Court of Domestic Relations that either parent is unfit to have custody of the children.

The very fact that the trial court did not give both children to the mother indicates to me that the court did not consider the mother a proper person to have the custody of both children. It is quite conceivable that a mother could furnish

an adequate and proper home for one child but be utterly incapacitated from caring and providing for two children, so that the best interest of the children would not be conserved by awarding both of them to her. It is also conceivable that the trial court took into consideration the fact that the marriage relation between the parties had been dissolved and that the father would not at the time be capable of providing proper care for either child, being without a wife in his home.

It must be kept in mind that the father is not making complaint because the trial court awarded the custody of one of these children to his parents. The trial court doubtless gave consideration to the fact that the father would naturally reside with his parents after the dissolution of the marriage relation between the parties, and evidently found the grandparents were the proper persons to have the custody of one child. In strict compliance with the provisions of §8033 GC, it may have been more proper for the trial court to have awarded the custody of the boy to the father but designating that the father's parents would look after its welfare until the future order of the court.

The judgment of reversal in this case will give the lower court opportunity to make a proper order in conformity to what I believe was the intention of that court in the first instance, and for that reason alone I am concurring in the judgment of reversal, as I do not give to the language of §8033 GC, the compelling effect which Judges Hornbeck and Geiger have given.

I note that in **Blaisdell v Blaisdell, 7 Ohio Law Abstract, 685,** the Sixth District Court of Appeals allowed the children to remain with the maternal grandparents at Hudson, Michigan, the children having been originally awarded to the mother and it appearing that the mother at time of modified order lived with **her** parents. In that case, as in this, there was no proof that either parent was unfit or improper to have their custody.

I have read with interest the very able article of Judge Weinman of- the Common Pleas Court of Jefferson County, Ohio, published in Vol. X, No. 5, Law and Contemporary Problems, School of Law, Duke University, in which the judge very properly, I believe, arrives at the conclusion that the welfare of the child is of the paramount consideration of the court in awarding the custody of children of divorced parents.