## DUFFY, Habeas Corpus, In Re.

Ohio Appeals, Second District, Franklin County.

No. 3859. Decided January 22, 1946.

Walter B. Moore, Columbus, Joseph L. Meenan, New Lexington, for Petitioner.

John H. Matthews, Columbus, Wm. Harvey Jones, Columbus, for Appellants.

## OPINION

By THE COURT:

This matter comes before this court on an appeal on law from the judgment of the Common Pleas Court, Division of Domestic Relations, Juvenile Branch, of Franklin County.

This action is one in habeas corpus wherein Leo. F. Duffy requests a writ restoring custody to him of his daughter Karen Jean Duffy who is now approximately three years of age.

The case came on for hearing before the Juvenile Judge, at which time testimony was taken relative to the manner in which temporary custody of said child had been given to the respondents herein, William Bergen and Elizabeth Bergen, husband and wife. Mrs. Bergen is the maternal aunt of the child. At the conclusion of the hearing the trial court granted the custody and control of said child to the relator. From this judgment the respondents prosecute this appeal and assign as error that "the finding and judgment of the Court of Common Pleas, Division of Domestic Relations, is contrary to the manifest weight of the evidence and is contrary to law."

We have read the entire record in this case and do not

find the judgment of the trial court to be contrary to the manifest weight of the evidence. The evidence in this case shows that when the child was a few weeks old the mother died and a few weeks thereafter the child was placed in the home of a maternal aunt who, after keeping the child for a number of weeks, returned the child to the father. After a few weeks had passed the child was again returned to the same maternal aunt where it resided for a short period of time. Thereupon the maternal aunt requested the father for permission to take the child to her sister's home, Mrs. Bergen, another maternal aunt, who resided in Columbus, Ohio. The father consented to have the child cared for by Mr. and Mrs. Bergen. The child remained in this home for approximately two years, at the end of which period of time the father remarried and requested the custody of his child, which was refused.

The question is presented as to whether the natural father of the child or the maternal aunt is entitled to the custody of this child.

This is not a case between the father and mother of the child; neither is it a case where a question is presented as to the suitability or fitness of the home of either the parent or a third person.

Counsel for the respondent contends that the welfare of the child is paramount to the rights of the parent and that the judgment of the trial court was contrary to law in that the Court ignored the question of the welfare of the child. The welfare of the child was not made an issue in this case. It was conceded that both homes offered moral and Christian influence in rearing and caring for the child. While we recognize the principle of law that the parent's right to custody of a child is paramount to that of all other persons, such right is not absolute under all circumstances. The parent may relinquish his right to custody by contract, forfeit it by abandonment or lose it by being in a condition of total inability to afford his minor child necessary care and support. Clark v Bayer, 32 Oh St 299. As a general rule, however, parents are entitled to the custody of their minor children. When it is found that the parent is a suitable person and the fitness of the home is not in dispute and such parent is able and willing to support and care for such child, the parent's right is paramount to that of all other persons. We grant that the welfare of the child could have been made an issue in this case, but this issue was eliminated when it was conceded that the father would be able

to furnish a suitable home and was able to support the child properly. If this Court should give consideration to the question of the welfare of the child it would be disposed to find that since it has been conceded that the father was the proper person to rear the child and the fitness and suitability of his home is not disputed, the welfare of the child would be best served by being reared in its parent's home in the custody of its father and thereby be permitted over the years to form and develop ties of mutual love and affection with its own flesh and blood. However, this Court may well rest this case on the right of the parent to the custody of its child against all other persons unless and until it is shown that the father is unfit or unable to provide a suitable home for the child. **Clark v Bayer, 32 Oh St 310; In re Konneker, 30 Oh Ap, 502;** In re Coons, 20 C. C, 47; In re Lutkehaus, 22 N. P. N. S., 120; **In re Swentasky, 25 Abs, 601.**

We do not find the judgment of the trial court to be either against the manifest weight of the evidence or contrary to law.

The judgment of the trial court is affirmed. The case will be remanded for further proceedings.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 3859. Decided February 16, 1946.

By THE COURT:

This matter comes on to be heard on an application for rehearing filed by the respondents in which they claim that the Court in its opinion did not take into consideration the question as to the welfare of the child. The gist of the respondent's argument is that the facts in this case in and of themselves, as a matter of law, show that the relator abandoned the child and that the future welfare of the child would be best served by leaving it in the custody of the respondents.

Counsel for the respondents rests his claim on the case of **Clark v Bayer, 32 Oh St 299,** which arose on a demurrer to a petition in which it was alleged that the parents of the children had entered into an oral agreement for the transfer of custody of their two minor children to the children's grandparents, who agreed to accept the care, custody and possession of said children, and to maintain, protect and educate said children, and had renounced and abandoned all rights as parents to the custody of said children. For the

purposes of the demurrer, these allegations are admitted to be true. In the case at bar, sufficient facts have been stated in the original opinion, and need not be reiterated here, which distinguish this case from the case of Clark v. Bayer. At no time did the respondents expect or claim compensation for the care and custody of this child. Counsel for the respondents makes the point that the mere failure of the father to contribute to the support of the child amounted to abandonment as a matter of law. While this may be true under certain circumstances, we do not believe that the father can be considered to have abandoned the child under the facts in this case.

The application for rehearing does not raise any question which has not already been considered by this Court. The Court approves of its original ruling in this matter and overrules the application for rehearing.

HORNBECK, PJ, WISEMAN and MILLER, JJ., concur.