**LUDY, Plaintiff-Appellant, v. LUDY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4138.   Decided October 6, 1948.

Henry A. Reinhard, Columbus, for plaintiff-appellant.
Lawrence R. Curtis, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Common Pleas Court, Division of Domestic Relations, Franklin County, Ohio.

The controversy involves the custody of a child, eight years of age.   Adah M. (Ludy) Hane and Kenneth R. Ludy are the parents of Sue Ann, the child in question.   On October 22, 1945, the parents were divorced and temporary custody of the child was given to Leonard and Florence Corbin, residents of Dublin, Ohio.   Florence Corbin is a maternal aunt of the child.   In the divorce decree there was no finding of the Court with respect to the unfitness of either parent.   No finding was made stating the reason for depriving either one of the parents of the care, custody and control of such child. Both parents subsequently remarried.

We give no consideration to the order granting the decree, from which no appeal was taken, except as it affects the mother's right to an order for a change of custody on the ground of a change of conditions.

On December 8, 1947, the mother filed her motion for an order granting her custody of the child because of a change

of circumstances and conditions. On December 19, 1947, the father, who had taken up residence in El Paso, Texas, filed his motion for an order granting him the custody. Evidence was submitted on the motions. On January 24, 1948, the Court overruled both motions and made the following order:

"It is therefore ordered, adjudged, and decreed by this court that the custody of such child, Sue Ann, remain with Leonard and Florence Corbin until further order of the court."

Again there was no finding of the court with respect to the unfitness of either parent. From this order this appeal was taken.

The appellant, Adah M. (Ludy) Hane, contends the Court committed prejudicial error in depriving her of the custody of her child and awarding custody to Leonard and Florence Corbin.

The evidence in this case shows that the mother and her present husband were suitable persons, were able and willing to support and care for such child, and had purchased their own home in which they resided, which was located in a good residential section of Columbus. Likewise the evidence showed that the Corbins were suitable persons and furnished a good home in which to rear the child.

At the close of the case the trial judge made a statement which appears in the record. The court found that the mother's second marriage was successful; that a second child had been born to her by her second husband which at the time of the hearing was about one year old, and that the mother and her husband were living in a nice residential district. However, in this statement the court said:

"I recognize the right here as asserted by the mother, yet I am convinced very definitely, if we consider strictly and only the well being and future happiness and future welfare of this child, that the child would be better off in the home of her aunt and uncle."

Apparently the court based the order solely on what it conceived best for the welfare of the child and did not consider the rights of the parents under the evidence.

Under the provisions of §8032 GC, when the parents are divorced and the question as to the custody of their child is brought before the court the parents "shall stand upon an equality as to the care, custody and control" of their children.

Under the provisions of §8033 GC, where the question of custody arises between the parents, "the court shall decide which one of them shall have the care, custody and control of such offspring, taking into account that which would be for their best interests". If the provisions of this Section were applied to the evidence the court would have been required to make an order granting custody of the child to one of the parents. Inasmuch as the father was separated from his second wife and a divorce was impending, the court would have been justified in denying the father the custody. However, the court decreed the custody of the child to third persons. This action of the court is controlled by another provision of §8033 GC, which is as follows:

"Provided that if the court finds with respect to any child under eighteen years of age that neither parent is a suitable person to have the custody of such child, the court shall, with the consent of the Juvenile Court, certify a copy of its findings together with so much of the record and such further information in narrative form or otherwise as the court deems necessary or the Juvenile Court may request, to the Juvenile Court for further proceeding according to law, and thereupon the Juvenile Court shall have exclusive jurisdiction respecting such child. This section shall apply to pending actions."

The motions were filed in the original divorce action in the Common Pleas Court, Division of Domestic Relations. The record does not show a certification to the Juvenile Court. The certification can be made only "with the consent of the Juvenile Court". The record does not affirmatively show that this consent was given. On the state of the record, we conclude that the Common Pleas Court, Division of Domestic Relations, retained continuing jurisdiction.

Under the former provisions of §8033 GC, the court was required to grant custody to one of the parents unless, "if upon such hearing it should be proved that both parents are improper persons to have the care, custody and control of their children, in its discretion, the court may designate some reputable and discreet person to take charge thereof, or commit them to a county or district children's home in which they or their parents have a legal settlement". This section was amended effective January 1, 1946. The order granting custody to the Corbins in the divorce decree was made October 22, 1945, at a time when the provision above quoted was in full force and effect. Under the provisions of

this section prior to the amendment it was held that the custody of the child may not be awarded to any other person than its parent unless a finding is first made of the unfitness of the parent to have such child's care, custody and control. In **Luebkeman v. Luebkeman,** 70 **Oh Ap 556** (Court of Appeals of Montgomery County), the Court considered §8033 GC. On page 568 the Court say:

"The meaning of this section is plain and in conjunction with §8032 GC, it appears that, primarily, the parties are on an equal footing with respect to the right to the custody of their minor children. Within this limitation the court will take into account that which would be for the best interest of the children. **Unless and until the court finds that both parents are unfit persons to have the custody of their children the court may not award their custody to any other person, even though of opinion that the best interest of the children would be subserved by so doing.** See 27 Corpus Juris Secundum, 1162, 1168." (Emphasis ours.)

See also **Godbey v. Godbey, 70 Oh Ap 450, 456; Tanner v. Tanner 78 Oh Ap 178, 182** (Court of Appeals of Franklin County); **In re Duffy, 78 Oh Ap 16** (Court of Appeals of Franklin County).

The express provision in §8033 GC, prior to the amendment, giving authority to the Court to grant the care, custody and control of a child to "some reputable and discreet person" where the Court found that both parents were improper persons to have the care, custody and control of such child was not carried over into §8033 GC, as amended. Under the statute as amended there is no express statutory provision giving the Court authority to grant the care, custody and control to some person other than the parent of the child.

Under general law the trial court had no authority to give custody to a third person unless and until it made a finding that the parents of the child were unsuitable. In the absence of such finding in the record the mother, who according to the evidence is a suitable person, was entitled to an order granting her care, custody and control of her child. The welfare of the child is always considered by the Court when the question of custody arises between the parents who stand on an equality, or, when the parents are found to be unfit and the Court is required to grant custody to a third person. In the case at bar no such situation was presented.

The appellant contends that the trial court committed prejudicial error in permitting the witness, Charlotte Martin,

the Court Investigator, to testify as to hearsay evidence. The Court called the Investigator who, over objection, was permitted to testify to a conversation which she had with Sue Ann shortly before the hearing. Clearly, any statement which Sue Ann made to the witness was hearsay and was inadmissible and in our opinion constituted prejudicial error.

Judgment reversed.

MILLER and HORNBECK, JJ, concur.

### ON APPLICATION FOR REHEARING

No. 4138. Decided October 28. 1948.

By THE COURT.

Submitted on application for rehearing. No new question is raised. Application is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.