WELGE, Plaintiff-Appellee, v. WELGE, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 7213.  Decided January 30, 1950.

Harry Falk, Cincinnati, for plaintiff-appellee.
John A. Thorburn, for defendant-appellant.

### OPINION

By THE COURT:
This is an appeal from a judgment granting a divorce to the plaintiff and awarding alimony.

The answer of the defendant contains a general denial, which

includes a denial of the jurisdictional fact that the plaintiff had been a resident of the State for one year and of the county for 30 days immediately preceding the filing of the petition. The decree contains a finding of the existence of the jurisdictional facts, but the bill of exceptions, certified to as containing all the evidence, shows no evidence on the subject of residence. The judgment must be reversed for lack of proof of the jurisdictional facts.

The ground of divorce alleged is gross neglect of duty, and that was the ground upon which the divorce was granted.

The bill of exceptions shows that the hearing was very brief. It only required four double-spaced typewritten pages to record it. We do not criticize brevity per se, but a reading of these four pages discloses a complete inadequacy of proof. Only the barest outline of their domestic relation was given by the parties themselves. The statute (§11988 GC) precludes the granting of divorce or alimony upon the testimony of the parties alone, even when it is full and clear and non-conflicting. In this case the meager testimony of the parties was conflicting and there was no corroboration by any other witness of any of the essential elements of gross neglect of duty.

But it is said that another ground for divorce was proven, to-wit: wilful absence for three years. It is true that the record shows that these two parties had not lived together for fifteen years, but whether the defendant's absence was wilful, or with the consent of, or caused by plaintiff's misconduct had no corroboration from any other witness. Without intimating that the court would have jurisdiction to allow, by amendment, the substitution of one ground for divorce for another in a case where the proof of the unpleaded ground was proven, we could not allow such a substitution here for the reason stated.

It was said in oral argument that the court had before it a report of an investigation made under the provisions of §11979-4 GC. The investigation provided for by that section covers character, family relations, past conduct, earning ability, and financial worth of the parties. It does not in express terms authorize an investigation of the jurisdictional facts. Perhaps that omission was for the reason that all courts require, on their own motion, that their jurisdiction be made to appear before proceeding to hear the cause.

But in the case at bar, we are precluded from assuming the existence of such a report. It could only have been considered as evidence if it had been "filed in the case before trial." The transcript of the docket and journal entries shows the filing of

no such report, and it is not found among the original papers in the case. The bill of exceptions does not show it was offered in evidence. There is no cross-examination of the person making the report, and, as the certificate recites that it contains all the evidence, we must assume that the report was not offered in evidence, and, therefore, the court could not consider it.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.