LaFerier, Appellant, *v.* Garey, Appellee.

(No. 4776—Decided May 24, 1954.)

*Mr. Hyman S. Topper,* for appellant.
*Mr. Harold T. Hanley,* for appellee.

Deeds, J. This is an appeal on questions of law from a judgment of the Juvenile Court of Lucas County.

The action originated in the Court of Common Pleas, Domestic Relations Division, as an action for divorce, involving the support and custody of the minor daughter of the parties, in which action the plaintiff was granted a divorce, also custody of the child, now seven years of age, who, pursuant to agreement of the parties, was to continue to reside with the paternal grandparents. The cause was certified to the Juvenile Court with respect to the future care, custody and control of such minor.

The parties will be referred to herein as they ap-

peared in the Court of Common Pleas, Domestic Relations Division—the plaintiff-appellant as plaintiff, and the defendant-appellee as defendant.

The review by this court is on the motions for modification filed by the parties, a transcript of the docket and journal entries, including the report of a referee in the Juvenile Court, the bill of exceptions, and the oral arguments and briefs of counsel.

The plaintiff and defendant each filed their separate and almost identical motions in the Juvenile Court, representing a change of circumstances as their reason for seeking a modification of the prior order of the Court of Common Pleas, Domestic Relations Division, respecting the custody of said child.

Omitting the portions of the motion seeking a modification, filed by the defendant in the Juvenile Court, which are not relevant to a decision on this appeal, it is as follows:

"On the 9th day of May, 1952, this court entered an order in the above-named case providing as follows:

" 'Plaintiff awarded custody of Suzanne, now 6 yrs. said child to remain in the home of her paternal grandparents, Mr. and Mrs. Ray L. Garey, Williamston, Michigan, until further order of the court. Defendant ordered to pay $7.00 per week for support of said minor child during illness of defendant and thereafter the sum of $12.50 per week.'

"Since that date there has occurred a substantial change in the circumstances of (husband) (wife) (both) in the following particulars:

"Defendant is willing and able to provide a home for the said minor child, with proper supervision, etc.

"Wherefore, defendant moves that said order be modified to read as follows:

"In accordance with the change in circumstances and in the best interests of the said minor child."

The issue to be determined on this appeal involves an interpretation and application of Sections 8005-3 and 8005-4, General Code (Sections 3109.03 and 3109.04, Revised Code), and the legal effect of the agreement between the parties pursuant to which the Court of Common Pleas, Domestic Relations Division, ordered that the child should continue to reside in the home of the paternal grandparents until further order of the court.

. The pertinent allegations relative to the changed circumstances of the plaintiff appearing in plaintiff's motion for a modification of the order respecting custody and the prayer are:

"Since that date, there has occurred a substantial change in the circumstances of (husband) (wife) (both) in the following particulars:

"Plaintiff is now remarried and in a position to provide a good home and adequate supervision for the minor child.

"Wherefore plaintiff moves that said order be modified to read as follows:

"In accordance with the change in circumstances."

It appears from the evidence in the record that at the time of the granting of the divorce the plaintiff was employed and was not maintaining a home or place of residence suitable and adequate for the child, which it appears was plaintiff's reason for agreeing that the child might, under such circumstances, continue in the home of the paternal grandparents.

The applicable sections of the General Code referred to above are as follows:

Section 8005-3, General Code. "When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, they shall stand upon an equality as to the care, custody, and control of such

offspring, so far as *parenthood is involved.*" (Emphasis added.)

Section 8005-4, General Code. "Upon hearing the testimony of either or both parents, corroborated by other proof, the court shall decide which of them shall have the care, custody, and control of the offspring, taking into account that which would be for their best interest, except that, if any child is fourteen years of age or more it may be allowed to choose which parent it prefers to live with, unless the court shall find that the parent so selected is unfiitted to take charge. The provisions permitting a child to choose the parent with whom it desires to live, shall apply also to proceedings for modification of former orders of the court fixing custody. If the court finds, with respect to any child under eighteen years of age, that neither parent is a suitable person to have custody it may commit the child to a relative of the child or certify a copy of its findings, together with so much of the record and such further information, in narrative form or otherwise, as it deems necessary or as the Juvenile Court may request, to the Juvenile Court for further proceedings, and thereupon the Juvenile Court shall have exclusive jurisdiction. This section shall apply to pending actions."

It was not determined by either the Court of Common Pleas, Domestic Relations Division, or the Juvenile Court that either parent was unfit to have the custody of their child.

The agreement between the parties in accord with which the residence of the child was continued in the home of the paternal grandparents had the sanction of the settled law of the state. *Clark* v. *Bayer,* 32 Ohio St., 299, 30 Am. Rep., 593.

In *Rowe* v. *Rowe* (Ohio App.), 97 N. E. (2d), 223, decided by the Court of Appeals for Franklin County, that court determined, as stated in the headnotes:

"1. When it is found that a parent is a suitable person and the fitness of the home is not in dispute and such parent is able and willing to support and care for such child, the parent's right is paramount to that of all other persons.

"2. A child may not be taken from either or both parents unless it first be determined that he or they are unfit persons to have his custody.

"3. An agreement between husband and wife that custody of their child should be given to a third person is enforceable, subject only to judicial determination that the custodian is in every way a proper person to have the care, training and education of the child.

"4. As a general rule, a person may waive all personal rights or privileges to which he is individually entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided the waiver does not constitute a violation of public policy."

The decision in the case of *Rowe* v. *Rowe, supra,* is in accord with the law as determined by the appellate courts of the state, but is nevertheless to be distinguished on the facts from the case at bar in two important particulars.

In the case now before the court, the custody of the child pursuant to the agreement of the parties was awarded to the plaintiff, and in the Juvenile Court the defendant, subsequent to the order, by the filing and presentation of the motion seeking a modification of the order and agreement respecting custody, thereby made a clear expression of an intention and desire to waive the provision of the agreement respecting custody, requiring that said child remain at the residence of the paternal grandparents.

In *Rowe* v. *Rowe, supra,* the following statement in reference to waiver, appearing in the opinion of the

court on page 225, is pertinent and applicable to that question in the case now before this court:

"Our Supreme Court as early as *Clark* v. *Bayer,* 32 Ohio St., 299, held that an agreement between husband and wife that the custody of their child should be given to a third person was enforceable, subject only to judicial determination that the custodian was in every way a proper person to have the care, training and education of the child. That one during trial may waive a known right is a principle well recognized in the law, even in a criminal case where a constitutional right is involved. *State, ex rel. Waner,* v. *Baer,* 103 Ohio St., 585, 134 N. E., 786.

" 'As a general rule, a person may waive all personal rights or privileges to which he is individually entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided the waiver does not constitute a violation of public policy.' 40 Ohio Jur., 1235.''

See, also, 40 Ohio Jurisprudence, 1233, Waiver, Sections 2, 3, 4 and 5, and 56 American Jurisprudence, 106, Section 5.

In the case now before this court, both parties have remarried and are maintaining homes, and it appears clearly from the record before us that the home of the plaintiff is suitable for the child, which fact was not found to be otherwise by the Juvenile Court or contended to be otherwise by the defendant.

In *Luebkeman* v. *Luebkeman,* 75 Ohio App., 566, 61 N. E. (2d), 638, the law applicable and decisive of the issue to be determined on this appeal is stated in the syllabus:

"A court of competent jurisdiction may not award the custody of children to any other person than their parents unless a finding is made of the unfitness of the parents to have their children's care, custody and control as provided by Section 8033, General Code.''

In *Ludy* v. *Ludy*, 84 Ohio App., 195, 82 N. E. (2d), 775, the pronouncements of the court respecting the law of the state pertinent and determinative of the issue presented by the record now before this court, appear in the syllabus as follows:

"1. Under the provisions of Section 8032, General Code, when the parents are divorced and the question as to the custody of their child is before the court the parents 'stand upon an equality as to the care, custody and control' of their child."

"4. Under the provisions of Section 8033, General Code, prior to the amendment, effective January 1, 1946, the custody of a child may not be awarded to any other person than its parent unless a finding is first made of the unfitness of the parent to have such child's care, custody and control:

"5. Under the provisions of Section 8033, General Code, as amended, effective January 1, 1946, there is no express statutory provision giving the court authority to grant the care, custody and control to some person other than the parent of the child.

"6. Under general law the court has no authority to give custody of a child to a third person unless and until it makes a finding that the parents of the child are unsuitable.

"7. The welfare of the child is considered when the question of custody of such child arises between the parents who stand on an equality, or when the parents are found to be unfit and the court is required to grant custody to a third person."

It is clear that except for the agreement of the parties, the Court of Common Pleas, Domestic Relations Division, in view of the absence of a finding of unfitness of the parents, would have been without authority in law to have awarded the physical custody of the child to the paternal grandparents.

Therefore, in view of the prior order of the court

awarding to the plaintiff the custody of the child, the clear waiver of the agreement respecting the physical custody by the defendant in seeking a modification of the order relative to the custody of the child and the home of plaintiff being unquestionably suitable for the child, the Juvenile Court was in error in refusing to order that the physical care and control of the child should be granted to the plaintiff.

The only barrier in the way of plaintiff's right to claim the physical care and control of the child was the agreement between the parties that the child should continue to live in the home of the paternal grandparents following the granting of the divorce. The filing of motions for modification of the order relating to custody by both parties and their appearance and the introduction of evidence in the Juvenile Court in support of those motions evinced a clear intention of the parties to dissolve and waive the agreement requiring the child to continue in the home of the paternal grandparents. In the situation so presented, the law of the state applicable to the right of plaintiff, who had already been awarded custody of the child, is clear, and required that the court grant to the plaintiff the physical care and control of the child.

The judgment of the Juvenile Court, therefore, should be and is reversed and the plaintiff is awarded the exclusive custody and control of the child, subject to reasonable visitation with the defendant, and defendant is required to continue payments for the support of the child to the Humane Society, which payments shall hereafter be payable from the Humane Society to the plaintiff. The cause is remanded to the Juvenile Court in accordance with the continuing jurisdiction of that court as provided by law.

*Judgment reversed.*

FESS and CONN, JJ., concur.