McQueary, Plaintiff, v. McQueary, Defendant.

Common Pleas Court, Monroe County.

No. 16292.   Decided August 6, 1964.

Hoddinott, J.  After plaintiff filed her petition for divorce and custody of her two small children in this case, the court's divorce investigator inquired into the character, family relations, past conduct, earning ability and financial worth of the parties, as required by statute, and filed his written report with the court.  The defendant did not contest the case, and divorce and custody were awarded to the plaintiff.

Three months later, the defendant moved for change of custody.  At the request of both counsel, the divorce investigator of adjoining Belmont County was directed by the court to make

another, more complete investigation. It also was filed with the court. After hearing evidence, the court found neither party suitable for custody, and awarded custody of the two children to their paternal grandmother.

Now, eight months later, this case is again before the court on the mother's motion for change of custody. She is represented by new counsel. The court directed the Belmont County investigator to bring his supplemental investigation up to date. His written report was filed with the court, and verbal notice of the filing was given to counsel.

At the hearing on the pending motion, the special investigator was called as a witness and questioned as to the identity of persons whose hearsay appeared in the report and formed the basis for conclusions of the author. The witness refused to answer and claimed privilege. He said that relatives and neighbors would not talk to investigators unless they were assured their names would be kept secret from the court and the parties, and they would not be called upon to testify.

The mother's counsel then moved that the report be stricken from the files and that the case be continued so that the court's regular investigator could inquire and report. Defendant's counsel concurred in the latter motion and it was granted. This report was filed with the court.

The immediate matter before the court is the mother's motion to strike the special investigator's supplemental report from the files.

Two statutes of the Ohio Revised Code govern divorce investigations and reports:

Section 3105.08, Revised Code. Investigation.

On the filing of a petition for divorce, annulment, or for alimony, the court of common pleas may, and in cases in which there are children under fourteen years of age involved shall, cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of the parties to the action. The report of such investigation shall be made available to either party or his counsel of record upon written request not less than five days *before trial.* (Emphasis added.)

The court, on its own motion, may cite either party to the

action from any point in the state to appear in court and testify as a witness.

Section 2317.39, Revised Code. Report of investigations conducted by court made available to all parties.

Whenever an investigation into the facts of any case, civil or criminal, pending at the time of such investigation in any court, is made, conducted, or participated in, directly or indirectly, by any court or any department thereof, through public employees, paid private investigators, social workers, friends of the court, or any other persons, and a report of such investigation is prepared for submission to the court, the contents of such report shall not be considered by any judge of the court wherein such case is pending either before the trial of the case or at any stage of the proceedings prior to final disposition thereof, unless the full contents of such report have been made readily available and accessible to all parties to the case or their counsel. The parties or their counsel shall be notified in writing of the fact that an investigation has been made, that a report has been submitted, and that the contents of the report are available for examination. Such notice shall be given at least five days prior to the time the contents of any report are to be considered by any judge of the court wherein the case is pending. In the event that a report following any investigation is prepared for submission orally, such oral report shall be reduced to writing prior to the issuance of notice of the availability of such report for examination.

This section does not apply only to the utilization of the contents of such reports as testimony, but shall prevent any judge from familiarizing himself with such contents in any manner unless this section has been fully complied with.

Plaintiff's motion to strike the special investigator's report should be granted. Section 3105.08, Revised Code, *supra*, provides:

. . . The report . . . shall be made available to either party or his counsel . . . not less than five days *before trial.* (Emphasis added.)

There is no statutory provision for investigations *after* the trial. The Hamilton County Court of Appeals says in *Welge* v. *Welge* (1950), 87 Ohio App., 93, 94; 94 N. E. (2d), 208, 209; 58 Ohio Law Abs., 314, 315:

But in the case at bar, we are precluded from assuming the existence of such a report. It could have been considered as evidence only if it had been "filed in the case before trial." . . .

In *Voorhees* v. *Hutchison* (1951), 108 N. E. (2d), 750, 63 Ohio Law Abs., 277 (Trumbull County Court of Appeals) the 7th syllabus (N. E. 2d) provides:

7. In proceeding by mother to modify custody provision of divorce decree wherein mother was given only week-end custody of the two children, aged 6 and 9, ordering of an investigation by the child welfare department after conclusion of the trial was error . . .

The divorce investigation and report procedure, prescribed by Sections 3105.08 and 2317.39, Revised Code, *supra*, can be summarized as follows:

1. The report shall be filed and made available to parties or counsel at least five days before trial.

2. Notice in writing of the availability of the report must be made to parties or counsel at least five days before the judge reads it.

3. "Utilization of such report as testimony" is contemplated, at least under some circumstances. Section 2317.39, Revised Code.

An investigation report may be used in a modification of custody hearing when the parties agree. In *Holland* v. *Holland* (1947), 75 N. E. (2d), 489, 49 Ohio Law Abs., 237 (Cuyahoga County Court of Appeals), the 1st syllabus (N. E. 2d), reads:

Court of Common Pleas was without power to base modification of previous order concerning custody of minor children of parties in divorce action upon information contained in report of Domestic Relations Bureau unless both parties consent thereto.

The background of the growing use of divorce investigators is discussed in an annotation, "Consideration of investigation by welfare agency or the like in making or modifying award as between parents of custody of children," 35 A. L. R. (2d), 629 at 631:

. . . the present subject presents a striking illustration of a clash of two competing social interests. On the one hand, there is the fundamental principle of Anglo-Saxon law that the decision of a court must be based on evidence produced in open

court at a fair trial. This principle safeguards primarily the interests of the parties, in this case, the parents of the child whose custody is in issue. On the other hand, there is the growing conviction that persons with specialized training and experience, such as social workers, are better qualified to determine what is in the best interests of the child than even the best-intentioned judge. This theory stresses primarily the welfare of the child and of society as a whole.

This existing conflict, as far as the legal field is concerned, has led to a compromise characteristic of the development of legal thought in common-law jurisdictions. While strictly adhering to the privileges of the parties guaranteed to them by the concept of due process of law and by the general rules of evidence, the courts regard with favor the practice of making use in custody cases of independent investigations in a rather informal way unknown to judicial inquiries in other fields of the law. This tendency of the courts has been given legal sanction in many states by statutes expressly authorizing, if not requiring, the use of independent investigators.

The Ohio procedure allows the report to be read before the trial by the litigants and judge, so that the welfare of the children can better be protected. In *Cobb* v. *Cobb* (1959), 112 Ohio App., 19, 21; 174 N. E. (2d), 290, 292; 15 Ohio Opinions (2d), 343, 344, the Court says:

It appears that the Legislature, by the enactment of this statute, provided for the representation of the public interest, in an action of the kind now before us, through the appointment of an investigator, whose report must be made available to either party, and of course to the court, which is free to collect evidence on its own, after viewing the report, on the theory that a divorce action involving support and alimony is more than a controversy between private parties, but is of vital interest to the state and the welfare of the community.

That the judge is to read the report before trial so he can call witnesses on behalf of the children is indicated by the inclusion in Section 3105.08, Revised Code, entitled "Investigation," *supra*, of the power to cite either party into court from any point in the state.

Divorce reports are generally admissible in evidence. Section 2317.39, Revised Code, *supra*, second paragraph. They,

however, frequently contain hearsay and opinions based on hearsay, and these elements must be excluded from the record before the court.

A Nebraska statute providing that

. . . it shall be the duty of the court to make independent investigations of the merits of all . . . cases where minor children are involved through a probation officer or county superintendent of child welfare or other agency.

is involved in *Dier* v. *Dier* (1942), 141 Neb., 685, 4 N. W. (2d), 731. The 12th syllabus (N. W. 2d), states:

In husband's suit for divorce on ground of extreme cruelty and for custody of minor child, unsigned, unsworn typewritten report introduced in evidence containing purported statements of facts by the parties relative to merits of controversy and by other persons purporting to be familiar with facts and containing conclusions of an investigator was ''hearsay'' and was incompetent.

In the annotation in 35 A. L. R. (2d), *supra*, the following appears on page 632:

Despite the tendency of the courts to be less formal in custody cases, the parties, in the absence of their consent, cannot be deprived of any of the usual attributes of a fair trial in open court. In other words if an independent investigation is to be admittted in evidence the requirements of due process must be complied with. If these requirements are complied with the result of an independent investigation will be held properly admitted but if those requirements were not complied with such admission is considered error.

. . . .

In addition to the necessity of complying with the requirements of due process, the admissibility of the report of an independent investigator also presupposes that the court properly applied the regular rules of evidence.

In *Ludy* v. *Ludy* (1948), 84 Ohio App., 195, 82 N. E. (2d), 775, 39 Ohio Opinions, 241, 53 Ohio Law Abs., 47, [rehearing denied, 84 N. E. (2d), 120, 53 Ohio Law Abs., 47], the 5th syllabus (N. E. 2d), says:

In proceeding to fix custody of child of divorced parents, statement made by child to court investigator was hearsay and admission thereof constituted prejudicial error.

If the report is admitted in evidence, after any hearsay and opinions based on hearsay have been excluded, then the investigator is subject to cross-examination on it. In the *Welge case, supra,* the court says, 87 Ohio App., 94, 94 N. E. (2d), 209, 58 Ohio Law Abs., 315:

. . . The transcript of the docket and journal entries shows the filing of no such report, and it is not found among the original papers in the case. The bill of exceptions does not show it was offered in evidence. There is no cross-examination of the person making the report, and, as the certificate recites that it contains all the evidence, we must assume that the report was not offered in evidence, and, therefore, the court could not consider it.

If the investigator on cross-examination is required to reveal the names of persons he talked to and what they said, then performance of his duty might well be made difficult. The party adversely affected would likely become hostile to the informant, who also is reluctant to be called as a witness. But if there is no hearsay nor opinion based on hearsay in evidence, then the investigator's sources and conversations are not relevant. Cross-examination on these matters is improper. It is true that the *Holland case, supra,* 75 N. E. (2d), 492, 49 Ohio Law Abs., 242, contained a criticism that the parties had not consented

that such report could be considered without being afforded the right to cross-examine the persons from whom the Department Investigator received the information contained in such report.

The real ground of decision in that case, however, was that the Court could not base custody modification upon information in the report unless the parties consented.

The better rule is that the investigator can keep secret the identity and comments of his informants if there is no hearsay in the record before the court.

The judge is placed in a somewhat anomalous position by Sections 3105.08 and 2317.39, Revised Code, *supra.* He is required to read the report before the hearing, hearsay and all. His decision, however, must be based solely on the record. The law presumes that the judge will follow the rules of evidence and disregard the hearsay. To what extent this is humanly possible is open to question. The difficulty perhaps is more

theoretical than practical because in the average case, the record probably supports the decision adequately.

In criminal cases, police officers have the privilege of refusing to disclose the identity of informers unless the identity of the informer has already been disclosed or disclosure is essential to a fair determination of the issues. McCormick on Evidence (1954 Ed.), Sec. 148, page 309; Uniform Rules of Evidence, Rule 36. Similar considerations of policy make it desirable that divorce investigators keep secret the sources of their information when the parties will not be prejudiced.