In re Celeste and Christine Fassinger.

(No. 275,815—Decided July 18, 1974.)

*Mrs. Harriet B. Holtzman,* for appellants.
*Ms. Bessie Cassaro,* for appellee.

JACKSON, J.  On December 13, 1971, Ellin Boorse, case-worker for the Cuyahoga County Welfare Department, filed a complaint alleging that Celeste and Christine Fassinger were dependent children. The complaint stated that the children were without proper care or support through no fault of the parents and that the environment warranted the State, in the interests of the children, to assume their guardianship. At a hearing on January 3, 1972, the attorney for the Cuyahoga County Welfare Department (appellee) informed the court that Donald and Jean Fassinger (appellants) sought a temporary placement for their children due to financial problems. The court found the allegations in the complaint true and the children to be dependent. The court committed the children to the temporary care and custody of the County Welfare Department, Division of Social Services, and they were placed in a foster home until March, 1973.[1] They were returned to the appellants in March, 1973, and remained there until July, 1973. On July 23, 1973, the appellants went on vacation and left the children with their former foster parents, a Mr. and Mrs. Morrison. Because of previous problems with the Morrisons, the appellee removed the children from this home and placed them in a group foster home.

On August 20, 1973, the appellee filed a motion for permanent custody for the purpose of adoption. The appellee contended "it would appear to be in the best interests of said minors that they be placed permanently for adoption." At the September 14, 1973 hearing, the appellants moved to dismiss this motion on the grounds that "there isn't sufficient allegation that would justify the agency in assuming custody".[2] The court overruled the mo-

---

[1] There are two transcripts of evidence in this case—one records a hearing on September 14, 1973, the other a hearing on November 14, 1973.

[2] However, counsel for appellants indicated a willingness to accept oral modification of the motion. On the record the court indicated that an adjudication of dependency had taken place on January 3, 1972, and that "the allegations were set out then."

tion to dismiss the appellee's motion for permanent custody and continued the case to November 14, 1973, for a full hearing on the motion for permanent custody. On November 14, 1973, the court conducted a full hearing and found that it was *in the best interests of the children* that they be permanently removed from the parents and committed to the permanent care and custody of Cuyahoga County Welfare Department for adoption. (Emphasis added.) The appellants appeal from this decision and assign two errors:

"I. The trial court committed prejudicial error when it denied appellants' motion to dismiss the proceedings for the reason that appellee's motion for permanent custody for purposes of adoption failed to state grounds upon which said motion was based sufficiently clearly and definitely to afford appellants adequate notice of the matter to be adjudicated.

"II. The trial court committed error when it granted appellee's motion for permanent custody in that the order is not supported by sufficient evidence to sustain a finding that the natural parents had abandoned their rights or were totally unable to afford their children necessary care and support."

The appellants' two assignments of error present the basic question of what must be alleged and proved in order to sustain a Juvenile Court order permanently depriving natural parents of the custody of their children.

It is a serious matter to separate children from the natural parents, and can only be done when necessary for the protection of the child and society; *In the Matter of Zerick* (Juv. Ct. Cuy. Cty., 1955), 129 N. E. 2d 661, 665.

Appellee's motion for permanent custody alleged simply, "It would appear to be in the best interests of said minors that they be placed permanently for adoption."

Under Ohio common law, where the evidence shows that one or both parents are fit to have custody a court does not have discretion to grant custody to a third party merely on the ground that the best interest of the child will be promoted by granting custody to the third party. *Ludy* v. *Ludy* (1948), 84 Ohio App. 195.

As enunciated in *In re Duffy* (1946), 78 Ohio App. 16 (2nd Syl.), "A parent has a right to the custody of his

child against all other persons unless and until it is shown that the parent has relinquished his right to custody by contract, forfeited it by abandonment, or has lost it because of his unfitness or inability to provide a suitable home for his child.''

Juvenile Court possesses statutory authority to grant permanent custody to appellee under R. C. 2151.353 ''if the child is adjudged a *neglected* or *dependent* child.'' (Emphasis added.) A finding of neglect or dependency requires clear and convincing evidence. R. C. 2151.35.

Consequently, we interpret the law of Ohio to require a contemporaneous finding that the parents were unfit, or that the children were neglected or dependent, before the Juvenile Court is authorized to wrench permanent custody from the natural parents.

A careful reading of the record discloses that although the parents have had serious problems in the past, stemming principally from the father's inability to secure employment, the situation had markedly improved over the preceding year during which he was steadily employed. The fitness of a parent must be determined at the time of the hearing. *In re Kronjaeger* (1957), 166 Ohio St. 172. See also, *In re Darst* (1963), 117 Ohio App. 374, 379.

In summary, the appellee neither pleaded nor proved lawful grounds sufficient to sustain the order of the lower court which permanently deprives the appellants of custody of their children. Accordingly, we reverse the judgment of the Juvenile Court and grant judgment for appellants.

*Judgment reversed.*

KRENZLER, P. J., and DAY, J., concur.